Mr. Russell D. Castleberry Putnam County Attorney Post Office Box 758 Palatka, Florida 32178-0758
Dear Mr. Castleberry:
You have asked substantially the following question:
Is Putnam County authorized to adopt a new occupational license tax ordinance pursuant to section 205.0315, Florida Statutes, notwithstanding the fact that Putnam County has previously adopted an occupational license tax ordinance?
In sum:
Putnam County is not authorized to enact a new occupational license tax ordinance pursuant to section 205.0315, Florida Statutes, but is limited to increasing the taxes levied on occupational licensees to an amount based on the rate adopted in 1982 as provided in section 205.033(1)(b), Florida Statutes.
According to information you have provided to this office, Putnam County adopted a local occupational license tax ordinance in 1972.[1] You recognize that section 205.0535, Florida Statutes, authorized the county to adopt an ordinance to reclassify businesses and establish new rates for occupational license taxes by October 1, 1995, but state that Putnam County elected not to do so.[2] The county now seeks to adopt a new occupational license tax ordinance pursuant to section 205.0315, Florida Statutes. You ask whether the existence of the 1972 ordinance and the failure of the county to act prior to October 1, 1995, precludes the county from adopting a new occupational license tax ordinance under this statute.
Section 205.033, Florida Statutes, imposes conditions on the authority of counties to levy occupational license taxes. Subsection (1)(b) provides that:
Unless the county implements s. 205.0535 or adopts a new occupational license tax ordinance under s. 205.0315, an occupational license tax levied under this subsection may not exceed the rate provided by this chapter in effect for the year beginning October 1, 1971; however, beginning October 1, 1980, the county governing body may increase occupational license taxes authorized by this chapter. The amount of the increase above the license tax rate levied on October 1, 1971, for license taxes levied at a flat rate may be up to 100 percent for occupational license taxes that are $100 or less; 50 percent for occupational license taxes that are between $101 and $300; and 25 percent for occupational license taxes that are more than $300. Beginning October 1, 1982, the increase may not exceed 25 percent for license taxes levied at graduated or per unit rates. . . .
Thus, the rate at which a county may increase the taxes levied on occupational licensees is limited to an amount based on the rate adopted in 1982 unless the county implements section 205.0535, Florida Statutes.
Section 205.0535(1), Florida Statutes, states that "[b]y October 1, 1995, any municipality or county may, by ordinance, reclassify businesses, professions, and occupations and may establish new rate structures, if the conditions specified in subsections (2) and (3) are met." Subsection (2) requires the establishment of an equity study commission to recommend a classification system and rate structure for local occupational license taxes prior to adoption of the ordinance. Subsection (3) sets parameters for the new license tax in terms of the amount that may be imposed and the maximum amount of revenue that may be generated. The intention of the Legislature in adopting section 205.0535, Florida Statutes, was to provide local governments with an opportunity to revise their occupational license tax ordinances and the continued opportunity to undertake a limited revision every other year thereafter.[3] However, Putnam County elected not to proceed under this statute to revise its occupational license tax ordinance.
Counties that do not currently have an occupational license tax ordinance may adopt a new ordinance pursuant to section 205.0315, Florida Statutes, which provides that:
Beginning October 1, 1995, a county or municipality that has not adopted an occupational license tax ordinance or resolution may adopt an occupational license tax ordinance. The occupational license tax rate structure and classifications in the adopted ordinance must be reasonable and based upon the rate structure and classifications prescribed in ordinances adopted by adjacent local governments that have implemented s. 205.0535. If no adjacent local government has implemented s. 205.0535, or if the governing body of the county or municipality finds that the rate structures or classifications of adjacent local governments are unreasonable, the rate structure or classifications prescribed in its ordinance may be based upon those prescribed in ordinances adopted by local governments that have implemented s. 205.0535 in counties or municipalities that have a comparable population.
According to information you have submitted, Putnam County currently enforces an occupational license tax it originally adopted in 1972. Thus, the county does not fall within the scope of section 205.0315, Florida Statutes, which authorizes local governments that have not adopted an occupational license tax ordinance or resolution before October 1, 1995, to do so.
The statutory scheme in Chapter 205, Florida Statutes, is comprehensive: section 205.0315, Florida Statutes, makes provision for counties to adopt an occupational license tax if they had none previously; section 205.0535, Florida Statutes, authorizes counties to revise an existing occupational license tax ordinance; and section 205.033(1)(b), Florida Statutes, provides that counties may continue to enforce an occupational license tax ordinance adopted prior to October 1, 1995, in those cases where the county did not act to revise its ordinance. Putnam County falls within this last group, that is, it has had an occupational license tax since 1972 and did not act prior to October 1, 1995, to revise that ordinance under section 205.0535, Florida Statutes.
Therefore, it is my opinion that Putnam County is not authorized to enact a new occupational license tax ordinance pursuant to section 205.0315, Florida Statutes, but is limited to increasing the taxes levied on occupational licensees to an amount based on the rate adopted in 1982 as provided in section 205.033(1)(b), Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, Memorandum from Russell Castleberry, Putnam County Attorney, dated August 29, 1996.
[2] Id.
[3] See, Senate Staff Analysis and Economic Impact Statement on SB 364, dated March 4, 1993, Florida Senate. Cf., Op. Att'y Gen Fla. 95-46 (1995) discussing the amendment of municipal occupational license tax ordinances.